### S. M. LOWRY VS. MARTIN BROS. AND B. R. GRIDER.

GUNBY, J. Actual insolvency of the debtor, and the knowlege thereof by the vendee, are not the only grounds on which sales may be annulled by the revocatory action. Proof of injury and fraudulent intent of both parties suffice to revoke all contracts. C. C. 1983; 6 An. 552; 34 An. 992.

2 Where the vendee knew that he was receiving in payment all the debtor's property to the prejudice of others, the sale is fraudulent.

3. Allegations of simulation and of fraudulent, but real sale, are inconsistent, and plaintiff may be compelled to elect. In such a case an attachment will not lie. Sequestration or injunction is the proper conservatory remedy in a revocatory action.

4. A giving in payment by an insolvent, prohibited by C. C. 2658, is not an absolute but a relative nullity. C. C 1983.

5. Where a sale is revoked, the vendee is entitled to recover back the cash paid by him without interest. C. C. 1997.

---

### S. BLUM & CO. VS. ABE HURLEY ET AL.

GUNBY, J. Where property, on which plaintiffs claim a privilege, has been seized and advertised for sale under a *fi. fa.* issued from a magistrate's court, and plaintiff's claim exceeds the jurisdiction of the magistrate, they cannot obtain an order from him directing the sheriff to retain the proceeds in his hands; neither can they obtain such order, by way of third opposition, from the District Judge. Third opposition is a peculiarly favorable remedy to privileged creditors, but it must be filed by motion in the court from which the writ issued. C. P. 401. Where this cannot be done, the creditor must obtain an injunction from a competent court, under bond and oath, not to stop the sale, but restraining the sheriff from paying over the proceeds of the property to the seizing creditor. C. P. 300.